To our fourth case of the morning, Caballero-Coto v. Merrick Garland, Attorney General, Appeal No. 21-1856. Mr. Brzezinski, good morning to you. Good morning, Your Honors. May it please the Court, this case involves a motion to reopen that alleges ineffective assistance of counsel. There are two issues today, diligence so as to warrant equitable tolling, and informing prior counsel the second procedural requirement of Lozada. As to the first issue, diligence is exhibited by seeking relief as soon as reasonably possible, and this is determined from when a reasonable person in the move-ins position would have been aware of the possibility of an injury. Here, one day before the brief was due, prior counsel informed petitioners that he would not be filing a brief. He told petitioners that they had no recourse, and that he told them to wait for immigration to contact them. On October 4, 2018, the Board summarily dismissed their appeal because there was no brief filed. Petitioners waited a couple months, as advised. Hearing nothing, it became very uneasy, and sought new legal advice. December 19, 2018, they consulted motion to reopen counsel. This is our starting point. This is when petitioners learned of the very tough and time-sensitive situation that they were in. This is when they should and did become aware of the possibility of an injury. The Board and the government err using the October 4, 2018. And that is because, in addition to the bad advice of counsel, that they had no recourse, and that they should wait, petitioners are not attorneys. Ms. Caballero has just six years of formal education. They're foreigners here in the United States, not familiar with American law. Their native language is Spanish, and the Board's decision is in English. Moving forward... Mr. Pudzinski, in assessing the due diligence aspect for equitable tolling, what impact should it have that the Board warned your client that her appeal would be summarily dismissed if she didn't file a brief within the allotted time period? So they specifically informed her of the potential injury. They did, Your Honor. So, that was written in English, and two, their attorney told them they had no recourse and that they should wait. They should be entitled to rely on the advice of their attorney. Moving forward, petitioners exhibited diligence by seeking relief as soon as reasonably possible. Following their first appointment with motion to reopen counsel, they gathered relevant documents, counsel investigated and researched the case, and as soon as they could, Ms. Caballero's word, they hired motion to reopen counsel, and that was on January 10th, 2019. That's 22 calendar days between the first appointment and hiring, 16 weekdays, and there were a couple of federal holidays in there as well. Is there anything in the record that there was an inability to pay counsel early on, that that had any impact on that delay during that time period? What I would say is, you know, my clients are regular people. They don't have deep pockets. There is no specific discussion of their financial situation, but I think when you, anytime you're talking about regular people, people that don't have, you know, deep corporate pockets, finances are always important. And we're not really talking about a lot of time here. We're talking about 22 days from awareness to hiring, 42 days to filing, and we need to remember that they were just victims of ineffective assistance of counsel. There has to be some reluctance on their behalf to hastily hire another attorney. They're probably asking, who can I trust? Who do I hire? Is it worth my money to hire another attorney? Back to the time here that elapsed. This is less time than elapsed in Gao, which was filed on the 75th or the 76th day. It's much less time than the scenario discussed in Provise, which contemplated a scenario as long as nine months being possibly reasonable and involved some of the same circumstances here, such as foreigners' inability to speak English. And I think one interesting point mentioned in that case is the inconvenience or prejudice caused by the delay. And here I see none. The board did not spend a ton of time preparing its decision in this case. It summarily dismissed the appeal. And petitioners really aren't asking for a whole lot. They aren't asking for a new trial. They aren't offering new evidence. They aren't seeking a new form of relief. They just want to file a brief and be heard. Mr. Budzineski, I think your points are fair on equitable tolling. You've done a good job articulating them. But you've got to deal with Lozado, and you've got to deal with pronged to a Lozado in particular. Would you mind focusing on that? Yes. So Lozado requires that they inform prior counsel of the allegations and allow an opportunity to respond. Here, Motion to Reopen counsel called former counsel. During that phone call, prior counsel admitted that he didn't file a brief, and he admitted that he didn't tell petitioners that he was not going to file one until one day prior to the due date. The notes we have in the record from that call are somewhat sparse. Is there any indication that we are able to see that Motion to Reopen counsel informed prior counsel that she's dissatisfied with your representation? She's going to allege ineffective assistance of counsel because of what happened? So that's not clearly articulated in the record. But what I would say is first, Lozado does not require any sort of special incantation. It doesn't require mention of ineffective assistance of counsel. It doesn't requirement of mentioning a Motion to Reopen. And in addition to that... What's in your view the minimum Lozado requires and how's that met here? So I think the minimum it requires is the specific allegations of what the attorney did that was allegedly deficient. And here that's not filing a brief and not giving them enough time to seek different counsel if he didn't want to proceed. And how do we know he was informed of that? Motion to Reopen prior counsel was informed of that from this call? So he admitted, he said, I didn't file a brief and he said that he didn't tell petitioners until the day beforehand. So he's obviously aware. I don't have, you know, a transcript of that phone call. But from what we do know, he admitted both of those things as true. And, you know, the idea that prior counsel would be unaware that petitioners are unhappy or displeased with their performance is... I don't find that believable. It's pretty basic that if you receive a briefing schedule after you filed your appearance, filed a Notice of Appeal that said you're going to file a brief, never withdraw your appearance and then don't file the brief. You file nothing. It sounds to me, though, like you're in answering Judge Jackson and Cumey's question about Lozada that your view is that that obligation under prong two is satisfied when the basic facts that would underlie an allegation of ineffective assistance are confirmed or put on the table. I do not read just that prior counsel be informed and given an opportunity... Informed of what? Of the basic facts underlying the claim of ineffective assistance counsel. Here, that would be, he didn't file a brief and they didn't tell us... That's not really... It's not informing that counsel, right? It's more confirming. Can I confirm you never filed a brief? I think that's enough under Lozada. All right. What about the Lozada? How do you meet that? I read that as being satisfied here first. I think they just need to be given an opportunity to respond. It doesn't need to be in writing. The phone call is sufficient. But what evidence is there that he was given an opportunity to respond? I think in the phone call itself was his response. No, Lozada doesn't say you need to request anything further. It doesn't specifically say you need to ask for a response. You don't need to ask for a response in writing. A phone call here where someone explains what happens, they tell motion to reopen counsel... And you don't read the law around this as being the import of the response requirement is to give former counsel a chance to respond to the contention, to the argument that you were deficient, your performance was deficient. And it's on that basis that we're seeking to reopen the removal proceeding. In some circumstances that may be necessary or appropriate, but here there's no reason to question what happened. The record's very clear. No brief was filed. That's the very reason that the motion to reopen was filed or the case was dismissed previously. There's no reason to doubt the credibility of petitioners that a brief wasn't filed. This doesn't require an elaborate explanation or response. Either the brief was filed or it wasn't. But isn't the opportunity to respond, haven't we said in our case law that that requirement is there so that the board can get an assessment of the merits of the ineffective assistance of counsel claim before expending the resources to go forward with it? And I do understand that, but again, here I don't think an elaborate response or an elaborate opportunity to respond is necessary. There's no possible tactical explanation that prior counsel could have offered. What if he had said, well, she told me she didn't want to pursue it? Well, I just don't think that's the case here. That's not what was said on the phone call. I think he would have What he said was that I didn't find any case law and that's why he didn't file the brief. If he was explaining himself, I think he would have mentioned that. She said, oh, we don't want to proceed with the appeal. Not that we didn't find any case law. Okay, we'll give you a minute for rebuttal and we'll turn to counsel for the Attorney General. Good morning, Your Honors. My name is Linda Doe. I represent the respondent, the United States Attorney General. The board reasonably denied petitioners' untimely motion to reopen because they did not show that extraordinary circumstances beyond their control, namely the alleged ineffective assistance of counsel, had precluded them from timely filing their motion. As the board explained, petitioners did not comply with the matter of Lozada in setting forth their claim of ineffective assistance. They did not show due diligence in pursuing relief. Petitioners claimed that they received ineffective assistance of counsel because former counsel, Mr. Godoy, did not perfect their appeal by filing an appeal brief and further misadvised them by informing them that they had no recourse and to wait for contact from immigration. However, petitioners did not show that they had to file a motion to reopen or complain against him as well as the allegations underpinning the claim. Specifically, that there was an agreement that he would fully appeal their immigration judge's denial of asylum to the board, that he breached this appeal by failing to file an appeal brief and that he had misadvised them. Accordingly, the record does not contain evidence as to Mr. Godoy's response, as to the scope and terms of the agreement with the petitioners or whether he had indeed misadvised them as they claimed. Can you speak to the standard on prong two, exactly what prong two requires because Mr. Budzinski is saying that prong two just here is satisfied by a phone call that confirms the basic facts. Pursuant to matter of Lizada, prong two requires that the movement inform the former council of the allegations against him, provide him with an opportunity to respond to the allegations and to provide a copy of the response, if any. Okay, so applied here, he says, well they did. They called him up and they said, hey, we just want to confirm that you didn't file a brief. AR 46, the council's notes does not reflect what was conveyed to former council Mr. Godoy. There it simply indicates that new council Mr. Carney-Shandler had contacted Mr. Godoy on January 10th, 2019 about his case with the petitioners. Mr. Godoy had purportedly narrated that he had filed a notice of appeal as a courtesy to the petitioners. Petitioners had independently paid the filing fee for the notice of appeal and that he had not filed the appeal brief because he did not find case law in support of the appeal. What is the answer to Mr. Budzinski's argument that the admission, Mr. Godoy admitting in the call, I did not file a brief, you know, I, even though, and I, because I found no case law on point, even though I initially, you know, promised to, that that admission is sufficient. From that we can infer that he's admitting he fell short of clients' expectations, even though he had, in his view, a perfectly good reason. Well, Your Honors, again, it's uncertain what the agreement was. According to lead petitioner's affidavit at 27 and 28 of the record, lead petitioner stated that she was under the impression that Mr. Godoy would fully appeal her claim. Doesn't a notice to appeal indicate an intent to appeal? According to the counsel's notes, AR 46, stated that Mr. Godoy stated that he would file a notice of appeal as a courtesy to the petitioners. Not to say that there was a part of a contract. According to lead petitioner's affidavit, she'd be paid $7,000 as a flat fee. So that flat fee doesn't necessarily encompass the appeal where the counsel's notes reflect that the notice of appeal was filed as a courtesy and petitioners had independently paid the filing fee. So whether that is encompassed with that is uncertain. Well, that sounds like speculation. We don't know one way or the other. Exactly, Your Honors. There's a dearth of evidence regarding the scope of Mr. Godoy's representation regarding the appeal. But it would be speculation either way, so I don't think that helps you. Again, that is the importance of Lozada. Lozada sets forth the requirements of informing former counsel of the allegations against him so that he can respond to the allegations. Whereas here, they did not inform Mr. Godoy of their allegations, that they were under an impression that he would fully appeal their claim, that he breached this agreement by failing to file a appeal brief, and that he had misadvised them. The record is incomplete regarding Mr. Godoy's response to these specific allegations. The requirements of Lozada provide a basis and an opportunity to set forth a record on which the Board may adjudge the petitioner's claim. Whereas here, the evidence is simply not there. Petitioners have not shown that they have complied with the requirements of Lozada. Moving forward, petitioners further failed to show that they exercised due diligence in pursuing their claim, whereas petitioners claimed they were under the impression that Mr. Godoy would fully appeal their claim. Yet, a day before the filing deadline on August 6, 2018, Mr. Godoy had informed them that he would not be filing an appeal brief. A reasonable person in petitioner's position would be forewarned of an imminent injury as of this date. In looking at that factor, a reasonable person in the claimant's position, what impact should her lack of speaking English and her lack of any kind of education with respect to legal standards have? Well, Your Honors, as lead petitioner stated, she was under the impression that they had this agreement. And Mr. Godoy had been able to convey to her that he would not be complying. I guess what she believed was their agreement. Accordingly, she would have been forewarned that she would be suffering an injury by the deadline. Nonetheless, she did not seek new counsel, and two months later, the Board summarily denied her appeal. In the Board's decision, the Board explained that her notice of appeal did not suffice to inform the Board of the reasons for the appeal and that petitioners indicated they would be filing an appeal brief yet did not do so or explain the reasons for failing to do so. Should we be troubled that the Board did issue a decision on that due diligence issue, but it doesn't mention two things. One, it doesn't mention our case law that Judge St. Eve alluded to, that a petitioner's ability to navigate the legal system is a consideration in the due diligence analysis. We don't see that mentioned in the Board decision. We also don't see the fact that a petitioner was relying on the advice of counsel in sitting back and doing nothing. Mr. Godoy told her, her only thing to do next, he told her as her lawyer, is to sit and wait for immigration to call you. The Board doesn't reference that at all. Should we be concerned about those two omissions? Well, Your Honor, this goes back again to Lozada. No, no, this is now we're at the due diligence analysis before we get to Lozada. Yes, but to the extent that she claimed that he misadvised her, there's no response, there's no indication that Mr. Godoy had been informed of this allegation or had an opportunity to respond to the allegation that he had misadvised her. Again, and, you know, here a petitioner has the information set forth in front of her, she has the Board's decision in hand, explaining the reasons why her appeal was denied. To the extent that she believed that former counsel Godoy had not or was unaware of any ineffective system at that point, she did not indicate that she had conferred with him about the Board's decision or with anybody else at that time. She stated that she waited two and a half months. Accordingly, she did not show that she was diligently pursuing her rights during that time. And on December 19, 2018, she had consulted new counsel, Mr. Carney-Schindler, who informed her of her tough and time-sensitive situation. She indicated that she began collecting evidence while he began conducting legal research. Yet, despite having two weeks within which to timely file a motion to reopen, she did not do so. Petitioner waited 10 days outside the filing deadline. What about the fact that that's right in the middle of the holidays or right before the holidays? You know, the two weeks. Yes, Your Honor, but for equitable tolling, it's not the length of the time of the delay of filing, it's whether it was reasonable to believe that Petitioner could have filed earlier. And the facts of this case support this finding. That's my point, though. Is it reasonable to believe she could have filed earlier when she just contacted the lawyer right before the holidays? Well, Your Honor, I mean, she had time to collect evidence. And she officially hired on January 10th. But according to Petitioner, she had been already collecting evidence prior to that time, as well as Carney-Shindler having conducted research. She did not file a motion to reopen on January 10th when she officially hired new counsel. She waited an additional 20 days to file the motion to reopen. Here, the facts indicate there were multiple instances where she could have indeed pursued her rights earlier, including as of the date of the Board's decision, explaining its reasons for denying her appeal. Again, when she was expressly informed of the ineffective assistance of counsel she received by her former counsel on December 19th, 2018. Accordingly, the Board's decision declining to equitably toll the filing deadline was reasonable. This Court has held that equitable tolling is an extraordinary circumstance, or an extraordinary remedy to be used sparingly in order to preserve the procedural requirements set forth by Congress. Whereas Petitioner filed her motion to reopen untimely, did not comply with Lozada, and did not show due diligence, she has not shown that the Board's decision denying her belated motion was either arbitrary, capricious, or in contravention of the law. Okay, very well. Thank you. Mr. Budzinski will give you a minute for rebuttal. There is one point I want to raise on rebuttal, Your Honors, and that is I think we might be mixing up some of the Lozada requirements here. Yes, Lozada requires an affidavit that details the scope of the agreement with counsel, but that is not the second procedural requirement of Lozada. The second procedural requirement of Lozada is just that counsel be informed, be given an opportunity to respond, and that response be given to the Board. Whether there's a dispute about the scope of the agreement, sure, that could be Do you agree that the content of that exact point is informed that his former client was under the impression that there was an agreement that there would be an appellate brief filed? That satisfies the requirement that there be an affidavit that contains the scope of the agreement, but I don't think that goes to the second procedural requirement of Lozada. The second procedural requirement of Lozada where the Board denied the motion to reopen only requires that prior counsel be informed and given an opportunity to respond. Informed of what? Of the allegations, the factual allegations. Isn't that what we're talking, isn't that the agreement to file the appellate brief? Yes. And the failure to file the appellate brief? That is right, yes. Okay. Okay, all right, go ahead. Did you have another thought you wanted to? No, thank you. Okay, very well. Thanks to both counsel. The Court will take the case under advisement.